**Order entered August 4, 2022**



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00632-CV

**TERESA WARD COOPER, Appellant**

**V.**

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ET AL., Appellees**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-00556-2021**

### ORDER

The clerk's and reporter's records are overdue. The District Clerk's Office and court reporter have notified the Court that appellant has not paid the fees for the records.[1] Appellant filed a Statement of Inability to Afford Payment of Court Costs in this Court. By order dated June 29, 2022 we granted appellant's motion to waive this Court's filing fee but cautioned her that, to obtain the clerk's and

---

[1] By letter filed July 28, 2022, appellant complains that she did not receive a copy of the District Clerk's July 27, 2022 no payment letter. She asserts she needs a copy so she may file a response. No response is necessary. We attach a copy of the no payment letter as a courtesy.

reporter's records without costs, she needed to file a Statement of Inability with the trial court.  *See* TEX. R. CIV. P. 145.

Rather than file a Statement of Inability in the trial court, appellant filed a supplemental motion for the reporter's record in this Court on July 22, 2022. Relying on a former version of section 12.005(a) of the civil practice and remedies code, she asserts that she is not required to pay the fees for the appellate record. *See* Act of May 21, 1997, 75th Leg., ch. 189, 1997 Tex. Gen. Laws 1056 (amended 2021) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 12.005(a)). Although we disagree with appellant's analysis of the former version, it is irrelevant because it has been amended.  Effective January 1, 2022, section 12.005(a) provides only that the fee for filing an action under chapter 12 is the fee that generally applies to filing of a civil case.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.005(a).  Thus, as mentioned in our June 29 order, appellant must follow the procedure set forth in rule of civil procedure 145 to obtain the clerk's and reporter's records without costs.

We **DENY** appellant's motion.  On the Court's own motion, we **ORDER** appellant to provide, **within twenty days** of the date of this order, either written verification that she has paid or made arrangements to pay the fees for the clerk's and reporter's records or written documentation that she is entitled to proceed without payment of costs.  Should appellant fail to provide the requested written

verification or documentation related to the clerk's record, we will dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b). Should appellant provide the requested written verification or documentation related to the clerk's record but not to the reporter's record, we will order the appeal be submitted without the reporter's record. *See id*. 37.3(c).

We **DIRECT** the Clerk Pro Tempore of this Court to send a copy of this order to Lynne Finley, Collin County District Clerk; Court Reporter Robyn Rodriguez; and, all parties.

/s/    CRAIG SMITH
       JUSTICE